JULY TERM, 1881, No. 16.                    MARCH 10TH, 1882.

## Steckel *et al. versus* Desh.

1. A receipt indorsed on a deed showed that the consideration was paid by a purchase-money bond and mortgage. The mortgage was not recorded for more than sixty days after its execution, and, before either it or the deed of conveyance was recorded, the vendee sold a portion of the mortgaged premises. *Held,* that, the deed being in the line of the purchaser's title, the receipt upon it was notice to him of the mortgage.

2. There being evidence of admissions by the mortgagee of payment of the mortgage by money and papers, the Court was asked to charge, that, if the jury were satisfied, from all the evidence in the case, that the mortgage was paid, the verdict must be for the defendants, and the Court affirmed the point, if the jury found that the mortgagee "was actually paid the whole amount of the mortgage money." *Held,* that the qualification of the point was not error.

3. In a *sci. fa.* by an administrator upon a purchase-money mortgage for $16,500, executed to him for the consideration of lands of the decedent sold by him, the mortgagor S. and *terre tenants* offered in evidence an agreement between the decedent and S. made in the lifetime of the decedent, in which the latter authorized S. to sell the lands for a sum not less than $20 000, promised to ratify contracts made for the purpose and to convey, and that S. should have one-half of all he obtained in excess of $20,000 as remuneration. They further offered to prove that, upon the death of the decedent, letters of administration were granted to the mortgagee and S. jointly, and that thereafter it was agreed between S. and the widow, heirs, and guardians of the children of the decedent to carry the agreement made by the decedent into effect, and that for this purpose the lands should be sold under proceedings in partition in the Orphans' Court and conveyed to S.; that thereupon S. was discharged as administrator and a sale made, and the mortgage executed *pro forma;* and that a written agreement was made between S. and the widow, heirs, and guardians of the children of decedent reciting the prior agreement and other facts, and agreeing that S. should sell the lands for a sum not less than $20,000, and pay over to the representatives of the decedent one-half of the money in excess of that sum, after deducting expenses, and that the residue or other real estate taken in exchange should be divided between them in a certain manner and in certain proportions designated; and that the terms of the agreement were fulfilled by the division of the lands remaining unsold after sundry payments, and the mortgage was thereby satisfied. *Held,* that, inasmuch as the mortgagee was not a party to the agreement with the heirs, and there was nothing in it relieving him from liability to account, the evidence was properly excluded.

4. The agreement between the decedent and S. was not evidence for any purpose, and whether or not it vested in S. a power to sell, coupled with an interest, was immaterial.

5. When a trustee files his account and charges himself with money which he ought to have ready for the person entitled, the debtor cannot avail himself

[Steckel *et al. v.* Desh.]

of the charge as an admission of his payment and shut out the accompanying words at the time of filing, or other matter in the account tending to show the cause for accounting for the money, as if it had been received.

6. If the act of a party or a portion of his words be proved against him he may show in rebuttal the words accompanying or relating to said act, or the other words uttered in connection with those already proved, when necessary to arrive at a correct understanding of the transaction.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Northampton County.*

Alias *scire facias sur* mortgage by Daniel Desh, administrator of the estate of Henry Y. Hottel, deceased, against Solomon A. Steckel, mortgagor, and Barnet Fenner, Edward Steyer, and George W. Frankenfield, *terre tenants.*

At the trial in the court below, before DREHER, P. J., the plaintiff offered in evidence the mortgage dated September 9th, 1868, recorded January 22d, 1869, given " to secure the payment of the sum of $16,500, with interest, on demand, the said sum of $16,500 being the entire purchase-money of real estate conveyed this day by the said Daniel Desh, administrator to Solomon A. Steckel, in which is included the widow's dower." At the bottom of the deed from Desh to Steckel, following the execution and preceding the certificate of acknowledgment, was the following receipt:

" Received, on the day of the date of the above written indenture, the sum of $16,500 by bond and mortgage, bearing even date herewith, in full of the consideration-money within mentioned.          DANIEL DESH."

The plaintiff, by his own testimony and that of the mortgagor, proved that the dower was $3000, and that there remained due on the mortgage $3558.60.

The defendants offered in evidence articles of agreement between Solomon A. Steckel and the widow and heirs of Henry Y. Hottel, deceased, together with other evidence substantially as contained in the written offer *infra.*

The offer was objected to, and the objection sustained under exception.

The defendants then, by leave of the Court, filed a special plea, setting forth substantially the same facts.

The plaintiff demurred to the plea, and upon joinder of issue on the demurrer, the Court entered judgment on the demurrer for the plaintiff.

Defendants then offered in evidence a deed of Solomon A. Steckel and wife to Barnet Fenner, one of the *terre tenants,*

for a part of the mortgaged premises, dated September 19th, 1868, and recorded December 15th, 1868. This deed recited the property conveyed by it as " being a part and parcel of the same premises which Daniel Desh, administrator of the estate of Henry Y. Hottel, deceased, by his indenture, dated September 9th, 1868, and recorded in the recorder's office at Easton, conveyed unto Solomon A. Steckel, party hereto, in fee."

The defendants then made the following written offer of proof: The defendants offer to prove that, in the lifetime of Henry Y. Hottel, viz., on November 28th, 1867, the said Henry Y. Hottel entered into an agreement with the said S. A. Steckel by which he authorized and empowered said Steckel to treat with any person or persons whatsoever for selling the lands covered by the mortgage in suit, and to ratify all sales made by the said Steckel, and to give in evidence said agreement. (See *infra.*)

That the said H. Y. Hottel died in the month of April, A. D. 1868, prior to which said Steckel had sold only a small quantity of said land; that the said Hottel died intestate, and letters of administration were granted to said Desh and Steckel; that thereafter the widow and heirs and the guardians of the children of said H. Y. Hottel proposed to said Steckel to carry the agreement made with the intestate into effect, and that an agreement of a like character should be made between them; that said Steckel agreed to said proposal, and it was further agreed that in order to enable him to carry into effect the wishes of said widow and heirs, proceedings in partition should be commenced in the Orphans' Court, the land sold to said Steckel, and a deed executed to him; that pursuant thereto the said Steckel applied to said Court and was discharged as administrator to enable him to appear as the purchaser at said sale, and that thereafter a sale was made and mortgage executed *pro forma,* upon the express understanding that said Steckel was to sell the land in the manner prescribed in the agreement with H. Y. Hottel; that after the execution of the deed an agreement was executed between the widow and heirs and said Steckel.

### AGREEMENT.

Articles of agreement made and entered into between Solomon A. Steckel, of the borough of Bethlehem, in the county of Northampton and Commonwealth of Pennsylvania, of the one part, and Elizabeth Hottel, widow, William H. Hottel and Franklin Hottel, Sarah Hottel, Matilda Hottel, Catharine Nagle, wife of Benjamin Nagle, by their

guardian, Charles Bodder, and Oscar Hottel, Elizabeth Hottel, Harrison Hottel, and Elemina Hottel, by their guardian, Jacob J. Hoffman, children and heirs of Henry Y. Hottel, late of the township of Bethlehem, county aforesaid, deceased, of the other part, witnesseth. Whereas, articles of agreement in writing and under seal were made and entered into on the twenty-eighth day of November, A. D. 1867, by and between the said Henry Y. Hottel in his lifetime and the said Solomon A. Steckel in the manner and form as follows, to wit:

" Articles of agreement made and entered into the twenty-eighth day of November, A. D. one thousand eight hundred and sixty-seven, between Henry Y. Hottel, of Bethlehem township, Northampton County, Pennsylvania, of the first part, and Solomon A. Steckel, of Bethlehem borough, county and State aforesaid, of the other part, as follows, to wit: The said Henry Y. Hottel by these presents authorizes and empowers the said Solomon A. Steckel to treat with any person or persons whatsoever for selling his the said Hottel's lands, situate in the township of Bethlehem aforesaid, containing thirty-three acres, more or less, with the houses and all other the improvements thereon erected in lots and parcels to suit purchasers, provided that the said S. A. Steckel shall not sell the said land, houses, and improvements either in whole or in part for a sum less than twenty thousand dollars.

" And the said Henry Y. Hottel promises that he will ratify and hold for firm and effectual all and every contract the said S. A. Steckel shall enter into with other parties for the sale of the whole or part of said land, and that he will at the time or times agreed upon between said Steckel and the purchasers by good and lawful deed, well and sufficiently grant, assure, and convey unto the purchaser or purchasers, his or their heirs or assigns in fee simple, clear of all incumbrances, the lots or parcels sold to them by the said Solomon A. Steckel. The said S. A. Steckel shall be at full liberty to sell the said premises at a higher price than the purchase-money aforesaid, and of all that he obtains in excess of or over twenty thousand dollars he shall have the one-half as remuneration for his services, the other half to be to the use of the said Hottel. The surveys of lots and parcels necessary to be made in consequence of the sale of such lots or parcels and also the title papers for the same to be made at the proper costs and expense and charges of the said H. Y. Hottel, but all the advertising and trouble and labor of selling to be done at the expense of the said S. A. Steckel. This agreement, entered into between the parties aforesaid for the purposes aforesaid, shall continue in force for the

term of three years from the date of these presents. Nevertheless, if at the end of the said three years so much of the said premises has been sold as to make it evident that the balance still unsold will sell for enough to realize the aforesaid twenty thousand dollars, then this agreement shall remain in full force and virtue until the whole property has been disposed of, anything to the contrary heretofore said notwithstanding. And for the faithful performance of all the above covenants, both parties bind themselves, their executors, administrators, and assigns firmly by these presents. In witness whereof they have hereunto set their hands and seals the day and year first above written."

And whereas, the said Henry Y. Hottel died, on the 17th day of April, A. D. 1868, and before the provisions of said articles of agreement were fully carried into effect; and whereas, the said Solomon A. Steckel, at an Orphans' Court sale, had by Daniel Desh, administrator of the said Henry Y. Hottel, on the 15th day of August last past, purchased the said tract of thirty-three acres, more or less, situate in said township of Bethlehem, mentioned and described in the said hereinbefore articles of agreement, at and for the sum of $16,500, subject to the lien of a mortgage of $3500, which sale was by the said Orphans' Court confirmed; and whereas, the said parties to this agreement are desirous of carrying into effect the provisions of the said hereinbefore recited agreement for the division of all moneys that the said Solomon A. Steckel can obtain in the sale of the said premises, in the excess of the sum of $20,000, in the manner and upon the terms and conditions therein set forth: Now, know all men by these presents, that I, Solomon A. Steckel, party hereto, in consideration of the premises, as well as in consideration of the sum of one dollar to me in hand well and truly paid by the said parties to this agreement of the second part, the receipt whereof is hereby acknowledged, do agree to and with the said parties of the second part as follows, to wit: That the said Solomon A. Steckel shall, prior to the 28th day of November, A. D. 1870, sell or otherwise dispose of such portion of said premises as he may deem advisable to sell or otherwise dispose of for a sum not less than twenty thousand dollars, and that he then shall and will pay over to the said parties of the second part (including any posthumous child of said deceased) one-half of said money in excess of the said sum of twenty thousand dollars, after deducting from said one-half part all expenses attending the surveying said premises, and for title-papers, where the same has not been paid by the grantees of said premises, one-third of said one-half, less said deductions, to be for the use of the widow

[Steckel *et al. v.* Desh.]

of said deceased, and the remaining two-thirds for the use of the remaining parties, including any posthumous child of said deceased, and that the residue of said premises, or other real estate taken by the said Solomon A. Steckel in exchange, or both or either, to be parted and divided by and between the parties hereto in the following manner: The said party of the first part, or his executors or administrators, shall choose one judicious person, the parties of the second part, and the executors and administrators of such as may be dead, shall choose one judicious person, and these two shall choose a third one, all citizens of Northampton County, who shall, under oath or affirmation, within twenty days thereafter make an appraisement and partition of said residue into two purparts of equal value, and in the most advantageous manner; and shall further determine by lots who shall have the first choice of the said respective purparts. That within ten days thereafter, the said Solomon A. Steckel, or his executors or administrators, shall execute and deliver to the said parties of the second part, including any posthumous child of said deceased, a good and lawful deed for the purpart of the said premises allotted to them as tenants in common, clear of all incumbrances, of which said purpart the widow of said deceased shall have the undivided one third part thereof.

Witness our hands and seals, this 7th day of October, A. D. 1868.

That, in accordance with the terms of said agreement, said Steckel sold lands amounting to $17,500, that he paid over to said Desh, in money, and securities accepted by Desh as cash, $14,500; that he delivered mortgages securing $3000 as the widow's dower, in addition thereto, and that the terms of said last-mentioned agreement were then fulfilled by a division of the lands remaining unsold between said Steckel and the widow and heirs, and that the said widow and heirs then received lands of the value of $10,000, and that said mortgage was thereby satisfied and discharged.

This evidence offered for the purpose of showing that Steckel was not in reality the purchaser of the land, but only acted as the agent of the heirs of Henry Y. Hottel, to effect a sale of their lands, and to be followed with proof that the terre tenants purchased their lands of Steckel, and received deeds therefor.

The offer was objected to, except as to all matters showing payment to Desh, for the reasons: (1) The matters are *res inter alios acta ;* (2) they are immaterial; and (3) they have already been rejected.

The Court sustained the objection under exception.

In order to prove an admission by Desh that he had received payment in full of the mortgage, defendant offered in evidence his account as administrator of Hottel, filed April 27th, 1872, in which he charged himself, *inter alia,* as follows:

"September 9th, 1868. Received from Solomon A. Steckel, purchase-money of farm in Bethlehem Township, sold subject to a mortgage of $3400, $16,600."

Defendant further called a number of witnesses, who testified that, at various times, Desh had spoken of the mortgage, and said he had money enough and good papers enough to settle all up.

The plaintiff, in rebuttal, offered in evidence the report of the auditor upon his account as administrator of the estate of Hottel, for the purpose of showing that on February 13th, 1874, there was a balance due on the mortgage of $3429.25, and interest, $134.31. Objected to as incompetent, that the Court and auditor had no jurisdiction to ascertain the amount due, and as not being rebuttal.

The evidence was admitted by the Court, not to show the amount due, but as part of the record given in evidence by defendants.

Counsel for defendants excepted.

The plaintiff then called *O. H. Meyers,* who had made out the administrator's account, and offered to prove by him that, at the time Desh filed his account he stated that he had not, in point of fact, received the sum of $16,600, the amount of the Steckel mortgage, but at that time he had only received, on account, $4065.70, and that the charge of $16,600 was placed in the account for the purpose of showing his own liability to the estate.

It was objected to as hearsay, as contradicting the record, incompetent, and an attempt by the plaintiff to overcome by his own declarations an admission of record.

The Court overruled the objection, and admitted the evidence under exception.

The witness testified, *inter alia:*

"When we came to charging him with this $16,000, he said he had not received the money. . . . I said to him the mortgage was overdue, and in response to this citation, he must charge himself with the full amount of the mortgage."

The plaintiff also gave evidence contradictory and explanatory of the admissions alleged to have been made by him.

Counsel for the defendant asked the Court to charge the jury, *inter alia:*

2. That if the jury are satisfied from all the evidence in

[Steckel *et al. v.* Desh.]

the case, that the mortgage in suit was paid, the verdict must be for the defendants.

The Court affirmed the point if the jury find that Daniel Desh was actually paid the whole amount of the mortgage-money.

November 11th, 1880, the jury found a verdict for the plaintiff for $4628.27, and a special verdict as to the terre tenant Fenner, reciting the facts given *supra* as to the conveyance to him, and that " the deed from Daniel Desh to Solomon A. Steckel was not recorded at the time Steckel conveyed to Fenner, but that it was recorded on the 16th day of August, 1869. There is no evidence in this case whether Barnet Fenner, when he accepted his deed from Steckel, saw the deed from Daniel Desh, administrator to Steckel, of the 9th of September, 1868, and there is no evidence that he, Barnet Fenner, had or had not actual notice of the mortgage in suit."

April 4th, 1881. The Court entered judgment against Fenner as well as against the other defendants.

The defendant then took out a writ of error, assigning as errors (1), the sustaining of the demurrer to the special plea ; (2), the refusal to admit in evidence the agreement between Steckel and the widow and heirs of Hottel ; (3), the refusal of defendant's offer, (4), the admission of the auditor's report ; (5), the admission of the declarations of Desh to Meyers ; (6), the answer to defendant's second point ; and (7), the entry of judgment against Fenner.

*Edward J. Fox,* for plaintiffs in error.

Under the agreement between Hottel and Steckel, the latter had a power to sell lands coupled with an interest.

This power was not revocable by the death of Hottel: Smart *v.* Sandars, 5 C. B., 895 ; Cassiday *v.* M'Kenzie, 4 W. & S., 285.

Steckel had therefore an interest to the extent of one-half of the excess over $20,000, and the parties in interest decided, in accordance with their interest, that it should not be revoked. The guardians had power to make the subsequent agreement, just as they could have accepted bonds in partition.

Though Desh could have testified at the trial in court, his declarations to his counsel at another time were not evidence.

The qualification in the answer to the point was calculated to mislead the jury. It led them to suppose the payment must be in money, and there was evidence that Desh had received securities.

[Steckel *et al. v.* Desh.]

The auditor's report was *res inter alios acta*, and not evidence.

At the time Fenner bought, the deed to Steckel by Desh had not been recorded, and consequently he had no notice of the mortgage.

*W. E. Doster* and *B. F. Fackenthall*, for defendants in error.

The verdict determined the question of actual payment and is final.

The defendants, however, claim payment by estoppel, and rely upon the account filed. The item of charge should be read with the rest of the record and the explanations.

The evidence of Meyers was not hearsay, but a part of the *res gestæ*.

Steckel could not set up the agreements as a defence to the mortgage. It nowhere appears in them that he was not to pay Desh.

The terre tenants derive title through him. Neither he nor they can claim that the payment of the one-half of the surplus, over the $20,000, would be a discharge of the $16,500 which he was to pay at all events, and which was secured by the mortgage.

The questions of the revocation of the power by the death of Hottel, and of the authority of the guardians to make the agreement, are immaterial.

Fenner was affected with notice of facts in the line of his title, and a receipt of payment indorsed on a deed is evidence against a subsequent purchaser: Beidelman *v.* Foulk, 5 Watts, 308; Ogden *v.* Porterfield, 34 Penna. State, 191; Lodge *v.* Simonton, 2 P. & W., 439; Cresson *v.* Miller, 2 Watts, 272; Jaques *v.* Weeks, 7 Watts, 261; Sellers *v.* Benner, 9 W. N. C., 88; Parke *v.* Neely, 9 W. N. C., 193; Kelly *v.* Dunlap, 3 P. & W., 136; Manufg. Co. *v.* Neel, 54 Penna. State, 9.

APRIL 24TH, 1882.—The opinion of the Court was delivered by TRUNKEY, J.

In proceedings for partition of the real estate of Henry Y. Hottel, deceased, Desh was appointed trustee to make the sale. He accepted the trust, executed the order for sale, Steckel purchased, and on September 9th, 1868, a deed for the land and mortgage for the purchase-money were executed. At the foot of Steckel's deed is the following: "Received on the day of the date of the above written indenture, the sum of $16,500, by bond and mortgage, bearing even date herewith, in full of the consideration-money within mentioned.

Daniel Desh." The mortgage was recorded on January 22d, 1869. Steckel sold and conveyed part of the mortgaged premises to Fenner, on September 19th, 1868. The learned judge of the Common Pleas rightly ruled that notice to a purchaser, of an unrecorded mortgage, is sufficient to continue its lien on the land, and that the receipt in Steckel's deed was notice of the mortgage to all who held under him.

The defendant's second point was, "That if the jury are satisfied from all the evidence in the case that the mortgage in suit was paid, the verdict must be for the defendants." And its answer, "Affirmed, if the jury find that Daniel Desh was actually paid the whole amount of the mortgage-money." This is the subject of the sixth assignment, but it can hardly be error to affirm and substantially repeat the point. Possibly the counsel had endeavored to persuade the jury that payment to somebody else than the mortgagee would be satisfaction, and if so, it was well for the Court, in affirming the point, to say it meant payment to Desh.

The mortgagee was not a party to the agreement between the heirs and Steckel, and nothing in that agreement relieved him in any degree from liability to account, as trustee, for the proceeds of sale. It was made after the sale and just as if the trustee had already received the purchase-money. The defendants could show that Steckel had satisfied the mortgage, either in money or otherwise, if such was the fact, and that the court allowed; but the agreement was neither a bar nor evidence of satisfaction. Nor was the agreement between Hottel and Steckel evidence for any purpose. It matters not whether it vested in Steckel a power to sell coupled with an interest in the land, for if it did, Steckel purchased the land, sold at Orphans' Court sale as the property of the deceased, and he has no defence, on the ground that he had an interest in the land acquired from Hottel in his lifetime. Clearly, there was no error in the rulings complained of in the first three assignments.

In 1872, Desh filed his account, and among other charges against himself is this: "September 9th, 1868, Received from Solomon A. Steckel, purchase-money of farm in Bethlehem Township, sold subject to a mortgage of $3400, $16,600."

The defendants offered this account as an admission that the mortgage was paid. To persons of any experience in settling estates, it would probably be very slight evidence of payment, but it was before the jury for the purpose of showing payment. The account was prepared by counsel, and the Court admitted testimony in rebuttal, that at the time, Desh said he had not received the money, and charged himself with it because of advice that he was liable to account

[Clement's Appeal.]

for it.　And the auditor's report was received in connection with the account, that it might appear how the money and mortgage were treated in the entire proceeding.　If the act of a party, or a portion of his words, be proved against him, he may show in rebuttal the words accompanying and relating to said act, or the other words uttered in connection with those already proved, when necessary to arrive at a correct understanding of the transaction.　When a trustee files his account and charges himself with money owing to him, which he ought to have ready for the person entitled, the debtor cannot avail himself of the charge as an admission of his payment, and shut out the accompanying words at the time of filing, or other matter in the account, tending to show the real cause for accounting for the money as if it had been received.

Judgment affirmed.